[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14003

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
06-20447-CV-CMA & 04-41581 BKC-RA

In Re: ROSACOMETTA, S.R.L.,


Debtor,

_____

EMPIRE MARBLE AND GRANITE, INC.,
SAL HASBUN,

Plaintiffs,


STUART R. KALB, Trustee and Assignee,

Plaintiff-Appellant,

versus

ANTONIO ADINOLFI, curator in the liquidation of
Rosacometta, S.R.L.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(June 29, 2007)**

Before CARNES, WILSON, Circuit Judges and WALTER,[*] District Judge.

PER CURIAM:

Stuart Kalb appeals the bankruptcy court's order granting relief to the foreign debtor, Rosacometta. The bankruptcy court order enjoined Kalb and Empire Marble from collecting on a writ of garnishment that Kalb had obtained in state court against a debtor of Rosacometta, Gem Paver. Kalb argues that the bankruptcy court acted outside its jurisdiction in ordering the transfer of funds to the Italian bankruptcy trustee, Antonio Adinolfi. He further argues that the bankruptcy court erred in granting comity to a foreign proceeding while failing to give full faith and credit to a state court decision.

Empire Marble filed a state court action against Rosacometta in January 2001. Rosacometta initially defended the suit, but failed to continue to do so after entering Italian bankruptcy proceedings in January 2003. Empire Marble, having received no notice of the Italian bankruptcy, obtained a default judgment against

_____

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

2

Rosacometta on March 27, 2003 for $1.38 million. Rosacometta reached a $1.7 million settlement in a separate state action with debtor Gem Paver. Kalb, who purchased the Empire Marble judgment, served a writ of garnishment on Gem Paver although Kalb was aware of the Italian bankruptcy proceedings. Adinolfi, Rosacometta's Italian bankruptcy trustee, filed a motion in state court to have the writ dissolved, which was denied. Adinolfi then filed an ancillary bankruptcy proceeding in the United States Bankruptcy Court and asked the court to enjoin Empire Marble and Kalb from enforcing Empire's claim against Rosacometta except in the Italian Bankruptcy court, pursuant to 11 U.S.C. § 304. In ruling on the parties' cross-motions for summary judgment, the bankruptcy court granted the injunction, and ordered the settlement funds transferred to the Italian trustee for administration in the Italian bankruptcy proceedings.

We review the bankruptcy court's grant of summary judgment *de novo*. *In re Club Associates*, 951 F.2d 1223, 1229 (11th Cir. 1992). Section 304 of the Bankruptcy Code requires an exercise of judicial discretion. *In re Treco,* 240 F.3d 148, 154-55 (2d Cir. 2001). Therefore, the bankruptcy court's analysis of the § 304 factors is reviewed for an abuse of discretion. *Id.* at 155.

The bankruptcy court did not abuse its discretion in weighing the § 304(c) factors and granting § 304(b) relief. Before exercising the § 304(b) relief, the

bankruptcy court was required by the Bankruptcy Code to consider § 304(c) factors, including the (1) just treatment of all claim holders in the estate; (2) protection of United States claim holders against prejudice and inconvenience in foreign bankruptcy proceeding; (3) prevention of preferential or fraudulent dispositions of the estate; (4) distribution of the estate substantially in accordance with United States bankruptcy code; and (5) comity. While comity is the ultimate consideration, it does not automatically override the other statutory factors. *Treco*, 240 F.3d at 156. Comity should not be withheld unless it is against the interests of the United States. *Cunard S.S. Co. Ltd. v. Salen Reefer Services AB*, 773 F.2d 452, 457 (2d Cir. 1985).

Kalb does not argue that the comity standards are not met; instead, he argues that the prejudicial effect to his interest outweighs its application. Even assuming that prejudice would occur, we cannot find that the bankruptcy court abused its discretion. Prejudice is just one of five factors for the court to consider, and not even the "ultimate" factor. *See Treco*, 240 F.3d at 156. In this case, the other factors, including comity, weigh in favor of granting Rosacometta relief. Therefore, given the unique facts of this case and the equities involved, we can find no abuse of discretion.

Furthermore, under § 304(b), the bankruptcy court is given broad powers to

grant relief to a foreign debtor who is in bankruptcy proceedings in a foreign jurisdiction. The bankruptcy court is permitted to enjoin the commencement or continuation of collection actions against a foreign debtor involved in a foreign bankruptcy proceeding. 11 U.S.C. § 304(b)(1). Section 304(b)(2) permits the turn over of property of a foreign debtor's estate to a foreign representative, while § 304(b)(3) allows the court to order "other appropriate relief." Given this broad grant of power, the bankruptcy court was within its jurisdiction in issuing the order to enjoin the collection action by domestic creditors and turn over the funds to the foreign representative.

After reviewing the parties briefs, and having had the benefit of oral argument, we find no reversible error in the bankruptcy court's order. The bankruptcy court acted within its discretion in weighing the § 304(c) factors, and fashioned a remedy that was within its power under § 304(b). Therefore, we affirm the district court's holding that the bankruptcy court did not abuse its discretion.

**AFFIRMED.**